Bax, J.
I am of opinion that the motion for a new trial in this case ought to be refused. It would be a most mischievous and dangerous thing to suffer verdicts to be overturned, or set aside, up. on the loose, random declarations of jurymen, after they are discharged, not on oath', to third persons, concerning the circumstances upon which they made up their verdict while they were on oath, previous to their delivering in their verdict into court. It would open such a door for tampering with weak and indiscreet men, .that it would render all verdicts insecure ; and, therefore, the law has wisely guarded against all such after declarations, and has considered them as unworthy of notice. Indeed, so cautious is the law upon this subject, that the court will not receive even the affidavits of the jurors themselves, to impeach their own verdicts, af *420 ter they are delivered in, and recorded in court. In the case of Aylett v. Jewell, it was determined that a subsequent confession of some of the jurymen to the defendant’s attorney, that the jury drew l°ts t0 determine their verdict, should not be received as a ground for a new trial. 2 Black. Rep. 1299. So also in the case of Vaise v. Delaval, upon a motion for a rule to set aside a verdict upon an affidavit of two jurors, who swore that the jury being divided in their opinion, tossed up, and the plaintiff’s friends won ; the court refused to receive such an affidavit from any of the jurors themselves. But in every such case, the court must derive their knowledge from some other source. 1 T. R. 11. Barnes, 438, 441. 2 Morg. Ess. 48, to the same point. 6 Bac. Abridg. 669. See also Duestoe’s case for murder, 1 Bay’s Rep. 374, where the same doctrine is laid down. .
Bkevakd, Colcock, Gkimke, and Smith, Js., concurred.